UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____x

JOHN DOE NO. 2,

                                                                            CASE NO. CV 06-2096

                Plaintiffs,

        v.

RABBI YEHUDA KOLKO, YESHIVA &
MESIVTA TORAH TEMIMAH, INC. F/K/A
YESHIVA TORAH VODAATH OF
FLATBUSH, INC., AND CAMP AGUDAH,
INC.,

                Defendants.

_____x

JOHN DOE NO.  3,

                                                                            CASE NO. CV 06-2215

                Plaintiffs,

        v.

                                                                            **PROTECTIVE ORDER**

RABBI YEHUDA KOLKO and YESHIVA &
MESIVTA TORAH TEMIMAH, INC.,

                Defendants.

_____x


        The following Protective Order shall govern the disclosure of the identities of

John Doe No. 2 and John Doe No. 3 (the "Anonymous Plaintiffs").

        1.        The identity of the Anonymous Plaintiffs shall be used by the party

                  receiving same solely for purposes of preparing for and conducting related

pre-trial, trial, post-trial, and appellate proceedings in this litigation only, and for no other purpose.

2.    The term "identity" as used herein shall mean any of the Anonymous Plaintiffs' names, addresses, telephone numbers, dates of birth, social security numbers, or email addresses, and any such information of their family members.

3.    The identity of the Anonymous Plaintiffs may be disclosed, communicated or made available in whole or in part only to the following persons and only to the extent necessary for the proper conduct of this action or as otherwise directed by the Court:

(a)    outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, and outside photocopying and document services companies, for use in accordance with this Protective Order;

(b)    consultants or experts assisting counsel for the parties in this action;

(c)    actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;

(d)    any person carrying on an insurance business who may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;

(e)     parties or representatives of the parties; and

(f)     the Court in this action, pursuant to Paragraph 5 of this Protective Order, and court reporters employed in connection with this action.

4.     Any person described in paragraph 3(b)-(e) above who receives disclosure of the identity of any Anonymous Plaintiff shall, prior to receiving such information, execute an Acknowledgment of Protective Order and Agreement to Be Bound in the form annexed hereto as Exhibit A.  If a party shall disclose the identity of any Anonymous Plaintiff without first obtaining an executed Acknowledgment as required in this Paragraph then that party may be held in contempt and sanctioned by the Court, which sanction may include, in the Court's discretion, a fine or the striking of pleadings.  Each party disclosing identity information hereunder shall retain all executed Acknowledgments, and shall maintain a log of the persons executing such Acknowledgments and the dates thereof.

5.     Counsel for any party filing with or submitting to the Court any materials disclosing the identity of an Anonymous Plaintiff shall file with the materials, and serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, identifying this Order by date, and shall submit such documents to the Clerk under seal.

6.     In any Court hearing, or other proceeding before this Court, open to the public, counsel shall not disclose the identity of an Anonymous Plaintiff without prior written notice to all other parties and an opportunity for them to seek relief from this Court.

7.   Plaintiffs shall file under seal unredacted versions of the Complaints in this action, in the real names of the Plaintiffs, in accordance with Fed. R. Civ. P. 10(a).  The filed original of any amendments to the Complaints shall likewise be unredacted and under seal.  The service copies of any amended pleadings may redact the real names of the Plaintiffs and their identities shall continue to be protected as set forth herein.

**ORDERED** this   29th   day of   June   , 2006.


                    /s/
             MAGISTRATE JUDGE MARILYN D. GO